IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

STACY COCKRELL                                                                    PLAINTIFF

v.                                     CIVIL NO. 08-6118

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                    DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Stacy Cockrell, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current application for SSI on June 1, 2006, alleging an inability to work since February 1, 2004, due to a history of depression, epileptic seizures, anxiety and asthma.[1] (Tr.58-60). An administrative hearing was held on May 1, 2008, at which Plaintiff appeared with counsel and testified. (Tr. 475-489).

By written decision dated June 24, 2008, the ALJ found that during the relevant time period Plaintiff had an impairment or combination of impairments that were severe. (Tr.16). Specifically,

---

[1] It is a long established holding of the Eighth Circuit that SSI benefits are not payable for any period prior to the date a claimant files a SSI application. See Cruse v. Bowen, 867 F.2d1183, 1185 (8th Cir. 1989). In other words, the relevant time period in SSI cases starts with the date the SSI application is filed. Id. Therefore, the relevant time period in this case is June 1, 2006, through June 24, 2008.

the ALJ found Plaintiff had the following severe impairments: a seizure disorder. However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 16). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform work activity at all exertional levels with the exception that she needed to observe routine seizure precautions, which are avoiding unprotected heights, open and dangerous machinery, and the operation of automotive equipment. (Tr. 16). The ALJ found Plaintiff was able to return to her past relevant work as a cashier. (Tr. 19).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on October 28, 2008. (Tr. 2-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 6,9).

**II.    Evidence Presented:**

At the administrative hearing held before the ALJ on May 1, 2008, Plaintiff was thirty years of age and testified that she had obtained a high school education. (Tr. 481). The record reflects Plaintiff's past relevant work consists of work as a cashier. (Tr. 87, 487).

The medical evidence prior to the relevant time period reveals Plaintiff sought treatment for seizures, bronchitis, abdominal pain, headaches, nausea, gastroenteritis, diarrhea, back pain, a cough, congestion, asthma, and a kidney infection. (Tr. 184, 192, 197, 212, 227, 240, 247, 274, 276, 279, 281, 284, 288, 291, 295, 297, 299, 302, 305, 308, 355, 358, 360, 362, 368, 372, 374, 377, 382, 386, 393, 396, 404, 406, 409, 418, 447, 471). Regarding Plaintiff's seizure activity, medical records show Plaintiff was non-compliant with her seizure medication on April 10, 2002, July 20, 2002, September 3, 2002, June 22, 2004, January 14, 2005, February 2, 2005, February

13, 2005, February 26, 2005, March 3, 2005, April 3, 2005, April 5, 2005, April 9, 2005, May 11, 2005, July 19, 2005, August 9, 2005, September 17, 2005, December 13, 2005, January 4, 2006, January 18, 2006, January 24, 2006, March 26, 2006, April 1, 2006, and April 29, 2006.

The medical evidence during the relevant time period reflects the following. On June 12, 2006, Plaintiff received treatment at the St. Joseph's Mercy Health Center (St. Joseph's) emergency room for a sun burn after having been out at the lake swimming all day. (Tr. 273).

On June 21, 2006, Plaintiff entered the St. Joseph's emergency room complaining of tongue and ear pain. (Tr. 270-271). Plaintiff reported she bit her tongue two days ago and that she had been trying to chew again but could not without severe pain. Plaintiff also reported it hurt to move her left ear. Plaintiff reported she had been swimming a lot and thought that might be the problem. Plaintiff was noted to have a seizure disorder and to be taking Tegretol. Plaintiff was diagnosed with otitis externa and laceration status post bite injury. Plaintiff was given a shot of Toradol and Phenergan and given Cipro otic ear drops.

On June 23, 2006, Plaintiff entered the National Park Medical Center emergency room complaining of seizure activity and right ankle pain. (Tr. 200-205, 207-209, 211, 213-214, 216, 221-222, 224, 230, 233-234, 236). Treatment notes indicate emergency service personnel reported Plaintiff was post ictal on the scene. Plaintiff also reported right hip pain and that she had been seen at St. Joe's four days ago. Plaintiff did not have another seizure during her emergency room visit. Plaintiff was instructed not to drive until she had been cleared by her physician. (Tr. 205).

### III.    Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § 416.920.

IV.  **Discussion:**

Plaintiff contends that the ALJ erred in concluding that the Plaintiff was not disabled. Defendant contends the record supports the ALJ's determination that Plaintiff was not disabled during the relevant time period of June 1, 2006, through June 24, 2008.

    A.    **Subjective Complaints and Credibility Analysis:**

We first address the ALJ's assessment of Plaintiff's subjective complaints. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly evaluated Plaintiff's subjective complaints. Although Plaintiff contends that her seizure disorder, respiratory problems, and anxiety are disabling, the evidence of record does not support this conclusion.

A review of the medical evidence reveals Plaintiff has been diagnosed and treated for a seizure disorder. The ALJ pointed out while Plaintiff has experienced seizures, the evidence reveals Plaintiff has also been non-compliant with her seizure medications. Brown v. Barnhart, 390 F.3d 535, 540-541 (8th Cir. 2004)(citations omitted)("Failure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits."); 20 C.F.R. § 416.930(b). Almost every time Plaintiff sought treatment in the emergency room for a seizure, she reported she had been out of her seizure medication or was not taking it as prescribed. Furthermore, the evidence reveals when Plaintiff was taking her medications, as prescribed, her seizures were well-controlled. See Hutton v. Apfel, 175 F.3d 651, 655 (8th cir. 1999) (impairments amenable to treatment not disabling).

Plaintiff argues she was non-complaint with taking her seizure medication because she was unable to fill her prescriptions due to the lack of finances. The ALJ noted that while Plaintiff had been referred to the Charitable Christian Medical Center (CCMC) to get help with treatment and obtaining her seizure medication, the record failed to show Plaintiff had ever sought treatment at CCMC or any other charitable organization or that she had been denied treatment due to the lack of funds. (Tr. 311). Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship). Furthermore, the evidence reveals Plaintiff continued to smoke throughout the relevant time period. Clearly, the money Plaintiff used to purchase cigarettes could have been used to obtain her medication.

With regard to Plaintiff's alleged respiratory impairments, the medical evidence reveals Plaintiff has been diagnosed with bronchitis and that she has been prescribed inhalers. The ALJ pointed out despite being instructed to stop smoking on numerous occasions, the evidence reveals

AO72A
(Rev. 8/82)

Plaintiff continued to smoke. See Kisling v. Chater, 105 F.3d 1255, 1257 (8th Cir.1997) (noting that a failure to follow prescribed treatment may be grounds for denying an application for benefits); Mouser v. Astrue, 545 F.3d 634, 638 (8th Cir. 2008). It is also noteworthy, the Plaintiff did not seek treatment for her respiratory impairments during the relevant time period. See Novotny v. Chater, 72 F.3d 669, 671 (8th Cir. 1995) (per curiam) (failure to seek treatment inconsistent with allegations of pain); Shannon v. Chater, 54 F.3d 484, 486 (8th Cir.1995) (failure to seek treatment may be inconsistent with disability).

Plaintiff also alleged a history of depression and anxiety. However, a review of the record fails to show Plaintiff sought on-going and consistent treatment for any mental impairment. See Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (holding that lack of evidence of ongoing counseling or psychiatric treatment for depression weighs against plaintiff's claim of disability).

The complete evidence of record concerning her daily activities is also inconsistent with her claim of disability. The evidence reveals Plaintiff's reports that she is able to watch television, read, feed her animals, clean her house and take care of her personal needs. (Tr. 96-97). Plaintiff also reported she was able to do outside chores and shop for food, clothing and personal items. (Tr. 98-99). Plaintiff reported she spent time with others every day. (Tr. 100). The record reflects Plaintiff was also able to spend an entire day swimming at the lake in June of 2006. This level of activity belies Plaintiff's complaints of pain and limitation and the Eighth Circuit has consistently held that the ability to perform such activities contradicts a Plaintiff's subjective allegations of disabling symptoms. See Hutton v. Apfel, 175 F.3d 651, 654-655 (8th Cir. 1999) (holding ALJ's rejection of claimant's application supported by substantial evidence where daily activities–

making breakfast, washing dishes and clothes, visiting friends, watching television and driving- were inconsistent with claim of total disability).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, she has not established that she is unable to engage in any gainful activity. Accordingly, we conclude that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

**B.    RFC Assessment:**

We next turn to the ALJ's assessment of Plaintiff's RFC. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ considered the medical assessments of examining agency medical consultants, Plaintiff's subjective complaints, and her medical records when he determined Plaintiff could perform work at all exertional levels with the observation of routine seizure precautions. Plaintiff's capacity to perform this level of work is supported by the fact that Plaintiff's

examining physicians placed no restrictions on her activities that would preclude performing the RFC determined. See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability). Based on the record as a whole, we find substantial evidence to support the ALJ's RFC determination.

**C.      Plaintiff's Past Relevant Work:**

According to the Commissioner's interpretation of past relevant work, a claimant will not be found to be disabled if she retains the RFC to perform:

> 1. The actual functional demands and job duties of a particular past relevant job; *or*
> 2. The functional demands and job duties of the occupation *as generally required by employers throughout the national economy*.

20 C.F.R. §§ 404.1520(e); S.S.R. 82-61 (1982); Martin v. Sullivan, 901 F.2d 650, 653 (8th Cir. 1990)(expressly approving the two part test from S.S.R. 82-61).

Therefore, even though a claimant cannot perform the actual demands of her particular past job, if she can carry out her job as it is generally performed in the national economy, she is not disabled under the regulations. Evans v. Shalala, 21 F.3d 832, 834 (8th Cir. 1994). We note in this case the ALJ relied upon vocational expert testimony in finding Plaintiff able to perform her past relevant work. See Gilbert v. Apfel, 175 F.3d 602, 604 (8th Cir. 1999) ("The testimony of a vocational expert is relevant at steps four and five of the Commissioner's sequential analysis, when the question becomes whether a claimant with a severe impairment has the residual functional capacity to do past relevant work or other work") (citations omitted)  Accordingly, we believe substantial evidence supports the ALJ's conclusion that Plaintiff can return to her past relevant work as a cashier.

V.     **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 4th day of February 2010.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE